

IN THE
TENTH COURT OF APPEALS

No. 10-16-00365-CV

CLYDE F. HILL,

Appellant

 v.

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION, SUCCESSOR BY MERGER
TO CHASE HOME FINANCE, LLC,

Appellees

From the County Court at Law No. 1
McLennan County, Texas
Trial Court No. 20160637CV1

## ORDER

Counsel for appellant has placed his client in a procedural predicament. We dismissed appellant's appeal on December 7, 2016 for the failure to pay the filing fees. The docketing statement in this appeal was also past due.

Rather than file a motion for rehearing, which would require a payment of $15, counsel filed a motion to reinstate, which carries the normal motion filing fee of $10, and paid the motion fee. Counsel's motion to reinstate also makes the payment of the filing

fees, the failure of which is what resulted in the dismissal, contingent upon the granting of the motion to reinstate. However, pursuant to Rule 49.1, the Court cannot rule on the merits of this motion to reinstate in a timely manner that would not jeopardize appellant's time for filing a motion for rehearing, thus affecting this Court's jurisdiction to reinstate this appeal, should it so decide. *See* TEX. R. APP. P. 10.3; 49.1. In effect, the time within which to file a motion for rehearing will expire before the Court could rule on the pending motion within the time constraints provided by the rules. The Court does not wish to foreclose appellant's right of appeal because of the actions of his counsel.

Thus, if counsel wants the motion to reinstate to be considered a motion for rehearing, he must inform the Court of such and simultaneously pay the additional $5 filing fee within the time frame to file a motion for rehearing. The failure to take these actions may result in the inability of the Court to take any action on the motion to reinstate. As an alternative, a timely filed motion for rehearing would extend our jurisdiction. *See* TEX. R. APP. P. 49.

Further, should counsel timely inform the Court that the motion to reinstate is to be considered as a motion for rehearing and pay the additional filing fee amount for the motion, and within 14 days of that date, counsel must pay the past due case filing fees and file the docketing statement **before** the Court considers the merits of the motion. Alternatively, should counsel timely file a motion for rehearing, counsel must pay the

motion fee and the late filing fees for the appeal and file the docketing statement simultaneously with the filing of the motion for rehearing.

Any ruling the Court issues without the payment of the fees or the filing of the docketing statement would be advisory. The Court does not make advisory rulings and its rulings will not be made subject to some future action by the parties or their counsel.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Order issued and filed December 14, 2016